LAWRENCE VANDYKE
Deputy Assistant Attorney General

KRISTOFOR R. SWANSON
(Colo. Bar # 39378)
Natural Resources Section
SYDNEY A. MENEES
(D.C. Bar # 1027544)
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
PO Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov
sydney.menees@usdoj.gov

Attorneys for Federal Defendants

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA
## TUCSON DIVISION

| | |
|---|---|
| **Lower San Pedro Watershed Alliance, et al.,** | )<br>)<br>) |
| Plaintiffs, | )<br>)  No. CV-19-00048-TUC-RCC<br>) |
| v. | )<br>)  **Federal Defendants' Answer to the**<br>)  **Complaint (ECF No. 1)** |
| **Col. Aaron Barta**, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

The United States Army Corps of Engineers (the "Corps") and Colonel Aaron Barta, acting in his official capacity (collectively, "Federal Defendants"), by and through their undersigned counsel, answer Plaintiffs' Complaint for Declaratory and Injunctive Relief (ECF No. 1) ("Complaint").  Defendants specifically deny each and every allegation of the Complaint not otherwise expressly admitted, qualified, or denied

by this Answer.  Federal Defendants' responses are numbered to correspond to the numbered paragraphs in the Complaint.

1.      Federal Defendants admit that the San Pedro River is a free-flowing river in the desert southwest, a sanctuary for migratory birds, and home to a diverse assortment of animal and plant species.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 1.  Federal Defendants deny the allegations in the second sentence.

2.      The allegations in paragraph 2 characterize a federal statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that statute, they are denied.

3.      Federal Defendants admit that El Dorado Benson, LLC ("El Dorado") obtained approval from the City of Benson, Arizona, that the acreages alleged coincide with those in the Master Plan, and that the Master Plan includes local businesses, open spaces, golf courses, resorts, fountains, lakes, and a town center.  Federal Defendants deny any remaining allegations in paragraph 3.

4.      Federal Defendants deny that El Dorado made such a proposal to the Corps.

5.      Denied.

6.      Denied.

7.      Federal Defendants deny the allegations in the first sentence of paragraph 7.  Federal Defendants admit that El Dorado requested a permit, but deny the remaining allegations in the second sentence of paragraph 7.  Federal Defendants deny the allegations in the third and fourth sentences.

8.      Denied.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Denied.

Defs.' Answer

13.    Federal Defendants deny the allegations in the first sentence of paragraph 13.  Federal Defendants admit the allegations in the second sentence.

14.    Denied.

15.    Federal Defendants deny the allegations in the first sentence of paragraph 15.  The second sentence of paragraph 15 characterizes Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants admit that the Complaint contains NEPA and Clean Water Act claims.

16.     Paragraph 16 characterizes Plaintiffs' case, to which no response is required.  To the extent a response is required, Federal Defendants admit that Plaintiffs seek certain forms of relief, but deny that they are entitled to that relief or any relief whatsoever.

17.    Federal Defendants admit that the Complaint is brought under the APA and that the APA includes a waiver of sovereign immunity.  Federal Defendants deny any remaining allegations in paragraph 17.

18.    Denied.

19.    Federal Defendants admit that the district courts have authority to award declaratory and injunctive relief in certain circumstances, but deny any remaining allegations in paragraph 19.

20.    Federal Defendants admit that 28 U.S.C. § 2412 provides judicial authority to award attorney's fees in certain circumstances, but deny any remaining allegations in paragraph 20.

21.    Federal Defendants admit that venue is proper in this District, but deny any remaining allegations in the first sentence of paragraph 21.  Federal Defendants deny the allegations in the second sentence.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence.

22.    Admitted.

23.    Federal Defendants admit that the Corps has received comments concerning the Development Project from Lower San Pedro Watershed Alliance, which

Defs.' Answer

speak for themselves and are the best evidence of their contents.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23.

24.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24.

25.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26.

27.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27.

28.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Federal Defendants admit that the Plaintiffs submitted comments, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the comment letter, they are denied.

31.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31.

32.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32.

33.     Federal Defendants deny the allegations in paragraph 33 and aver the impacts associated with the Corps' issuance of the 2018 modified permit are fully set forth in the Corps' 2018 environmental assessment.

34.     Denied.

35.     Admitted.

36.     Admitted.

37.     The allegations contained in paragraph 37 purport to quote from and

Defs.' Answer

characterize the Clean Water Act (CWA), which speaks for itself and provides the best evidence of its contents.

38.     The allegations contained in paragraph 38 purport to quote from and characterize the CWA, which speaks for itself and provides the best evidence of its contents.

39.     The allegations contained in paragraph 39 purport to quote from and characterize the CWA and Corps regulations, which speak for themselves and provide the best evidence of their contents.

40.     The allegations contained in paragraph 40 purport to quote from and characterize the CWA and Corps regulations, which speak for themselves and provide the best evidence of their contents.

41.     The allegations contained in paragraph 41 purport to quote from and characterize the CWA and Environmental Protection Agency (EPA) regulations, which speak for themselves and provide the best evidence of their contents.  Additionally, paragraph 41 contains legal conclusions to which no response is required.

42.     The allegations contained in paragraph 42 purport to quote from and characterize EPA regulations, which speak for themselves and provide the best evidence of their contents.

43.     The allegations contained in paragraph 43 purport to quote from and characterize Corps and EPA regulations, which speak for themselves and provide the best evidence of their contents.

44.     The allegations contained in paragraph 44 purport to quote from and characterize EPA regulations, which speak for themselves and provide the best evidence of their contents.

45.     The allegations contained in paragraph 45 purport to characterize EPA regulations, which speak for themselves and provide the best evidence of their contents.

46.     The allegations contained in paragraph 46 purport to characterize EPA regulations, which speak for themselves and provide the best evidence of their contents.

47.     The allegations contained in paragraph 47 purport to quote from and

Defs.' Answer

characterize EPA regulations, which speak for themselves and provide the best evidence of their contents.

48.     The allegations contained in paragraph 48 purport to quote from and characterize Corps regulations, which speak for themselves and provide the best evidence of their contents.

49.     The allegations contained in paragraph 49 purport to characterize the CWA, which speaks for itself and provides the best evidence of its contents.

50.     The allegations in paragraph 50 quote and characterize NEPA and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statute or opinion, they are denied.

51.     The allegations in paragraph 52 quote and characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

52.     The allegations in paragraph 52 characterize NEPA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

53.     Federal Defendants admit that one of NEPA's purposes is allow for public participation in an agency's assessment of environmental effects, but deny any remaining allegations in paragraph 53.

54.     The allegations in paragraph 54 quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

55.     The allegations in paragraph 55 quote and characterize a judicial opinion, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the opinion, they are denied.

56.     The allegations in paragraph 56 quote and characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

57.     The allegations in paragraph 57 quote and characterize federal regulations,

Defs.' Answer

which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

58.     The allegations in paragraph 58 quote and characterize NEPA and federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statute or regulations, they are denied.

59.     The allegations in paragraph 59 quote and characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

60.     Admitted.

61.     The allegations in paragraph 61 quote and characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

62.     The allegations in paragraph 62 quote and characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

63.     The allegations in paragraph 63 quote and characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations, they are denied.

64.     Federal Defendants admit that the APA provides a cause of action and a waiver of sovereign immunity in certain circumstances, but deny any remaining allegations in paragraph 64.

65.     The allegations in paragraph 65 quote and characterize a federal statute and a judicial opinion, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the statute or opinion, they are denied.

66.     Federal Defendants admit that the San Pedro River is an undammed desert river and an aquatic resource of ecological importance.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining

Defs.' Answer

allegations in paragraph 66 or the picture following that paragraph.

67.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 68.

69.    Federal Defendants admit the allegations in the first sentence of paragraph 69.  The allegations in the second sentence quote and characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

70.    Federal Defendants admit the allegations in the first sentence of paragraph 70.  The remaining allegations in paragraph 70 quote and characterize a statute, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the statute, they are denied.

71.    Admitted.

72.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.    Federal Defendants admit that the St. David Cienega is an important indicator of the health of the SPRNCA and the upper San Pedro River, but deny any remaining allegations in the first sentence of paragraph 74.   The allegations in the second sentence are vague and on that basis are denied.

74.    Federal Defendants deny the allegations in the first sentence of paragraph 74.  Federal Defendants admit the allegations in the second and third sentences.

75.    The allegations in paragraph 75 are vague as to their use of "studies" and on that basis are denied.

76.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 76; the allegations are also vague as to the use of "testing."  The remaining allegations in paragraph 76 characterize the results of that study, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the study,

Defs.' Answer

they are denied.

77.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 77; the allegations are also vague as to the use of "testing."  The remaining allegations in paragraph 77 characterize the results of that testing, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the study, they are denied.

78.     Federal Defendants deny the allegations in the first sentence of paragraph 78.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second and third sentences of paragraph 78.

79.     The allegations in paragraph 79 are vague in their use of "small" and on that basis are denied.

80.     Federal Defendants deny the allegations in paragraph 80.

81.     Admitted.

82.     The allegations in paragraph 82 characterize and quote a document, which speaks for itself and is the best evidence of its content.  To the extent the allegations are inconsistent with that document, they are denied.

83.     Federal Defendants deny the allegations in the first sentence of paragraph 83, but admit the allegations in the second sentence.

84.     Federal Defendants admit the allegations in the first sentence of paragraph 84, but deny the allegations in the second sentence.

85.     The allegations in paragraph 85 are vague and on that basis are denied.

86.     Admitted.

87.     Admitted.

88.     Admitted.

89.     The allegations in paragraph 89 are vague and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

90.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90.

91.     The allegations in paragraph 91 are vague and Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations.

92.     Federal Defendants admit the allegations in the first, third, and fourth sentences of paragraph 92.  Federal Defendants deny the allegations in the second and fifth sentences.

93.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 93.

94.     Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence. The allegations in the second sentence are vague as to the source of the alleged statements, and are therefore denied.

95.     The allegations paragraph 95 quote and characterize the Master Plan, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.  To the extent Plaintiffs are making any allegations about the image that appears after paragraph 95, Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of those allegations.

96.     The allegations in paragraph 96 are vague in their use of "proposed development" and on that basis are denied.

97.     The allegations in paragraph 97 are vague in their use of "proposed development" and on that basis are denied.

98.     Federal Defendants admit that El Dorado prepared a Transportation Master Plan.  The remaining allegations in paragraph 98 characterize that document, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

99.     The allegations in paragraph 99 characterize the Transportation Master Plan, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

100.     The allegations in Paragraph 100 characterize the Transportation Master Plan, which speaks for itself and is the best evidence of its contents.  To the extent the

Defs.' Answer

allegations are inconsistent with that document, they are denied.

101.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 101.

102.   Federal Defendants admit the allegations in the first sentence one of paragraph 102.  The remaining allegations in paragraph 102 characterizes El Dorado's preliminary traffic analysis, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

103.   Admitted.

104.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104.

105.   Admitted.

106.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106.

107.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107.

108.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 108.

109.   Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.   Federal Defendants admit the allegations in the first sentence of paragraph 110.  Federal Defendants admit that no development has occurred within jurisdictional waters and aver that some road work has occurred on Post Ranch Road.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence.

111.   Denied.

112.   Denied.

113.   Federal Defendants deny the allegations in the first sentence of paragraph 113.  The allegations in the second sentence of paragraph 113 characterize the Master

Defs.' Answer

Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Master Plan, they are denied.

114.    Denied.

115.    Denied.

116.    Federal Defendants deny the allegations in the first sentence of paragraph 116.  The allegations in the second and third sentences of paragraph 116 characterize the Master Plan, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Master Plan, they are denied.

117.    Denied.

118.    Federal Defendants admit the allegations in the first sentence of paragraph 118, but deny the allegations in the second sentence.

119.    Federal Defendants deny the allegations in the first and second sentences of paragraph 119.  Federal Defendants admit the allegations in the third sentence.

120.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120.

121.    Denied.

122.    Denied.

123.    Denied.

124.    Federal Defendants admit the allegations in the first sentence of paragraph 124.  Federal Defendants deny Plaintiff's parenthetical characterization, but otherwise admit the allegations in the second sentence.

125.    The allegations in paragraph 125 are vague in their use of "Vigneto development" and on that basis are denied.

126.    The allegations in the first sentence of paragraph 126 are vague in their reference to the study and on that basis are denied.  The allegations in the second sentence characterize and quote a hydrological study, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with that study, they are denied.

127.    The allegations in paragraph 127 characterize a hydrological study, which

speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the study, they are denied.

128.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128.  The allegations are also vague in their reference to "development" and the modeled study.

129.    Denied.

130.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130.

131.    Denied.

132.    The allegations in paragraph 132 are vague as to the use of "Vigneto development," the area in question, and use of "pumping" and on that basis are denied.

133.    Federal Defendants admit that Dr. Prucha updated a prior groundwater model of pumping, but deny any remaining allegations in the first sentence of paragraph 133.  The allegations in the second sentence of Paragraph 133 characterize a groundwater modeling analysis, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the analysis, they are denied.

134.    The allegations in paragraph 134 characterize groundwater modeling analysis, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the analysis, they are denied.

135.    The allegations in paragraph 135 are vague with respect to the identity of the purported expert, and on that basis the allegations are denied.

136.    Denied.

137.    The allegations in paragraph 137 are vague in their use of "projected groundwater drawdown" and on that basis are denied.

138.    Denied.

139.    Denied.

140.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 140.  Federal

Defs.' Answer

Defendants admit the remainder of the allegations in paragraph 140.

141.   Denied.

142.   Denied.

143.   Denied.

144.   Denied.

145.   The allegations in paragraph 45 are vague in their use of "Vigneto development" and on that basis are denied.

146.   Denied.

147.   Federal Defendants admit that the Corps received multiple comment letters from the EPA regarding the Development Project. The remainder of the allegations in paragraph 147 characterize those EPA comment letters, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those letters, they are denied.

148.   The allegations in paragraph 148 characterize EPA communications with the Corps, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those communications, they are denied.

149.   The allegations in paragraph 149 characterize EPA communications with the Corps, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those communications, they are denied.

150.   Federal Defendants admit the allegations in the first sentence of paragraph 150, but deny the allegations in the second sentence.

151.   Federal Defendants admit that the Corps received comments from Plaintiffs on the stated date.  The remaining allegations in paragraph 151 characterize those comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those comments, they are denied.

152.   Federal Defendants admit that the Corps received comments from Plaintiffs on the stated dates.  The remaining allegations in paragraph 152 characterize those comments, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with those comments, they are denied.

Defs.' Answer

153.    Denied.

154.    Admitted.

155.    Federal Defendants admit that the scope of analysis consisted of 1,775 acres and the 144-acre off-site parcel, but deny the remaining allegations in the first sentence of paragraph 155.  Federal Defendants admit the allegations in the second sentence.

156.    Admitted.

157.    Denied.

158.    Denied.

159.    The allegations in paragraph 159 characterize and quote from the EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the EA, they are denied.

160.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 160.

161.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 161.

162.    Federal Defendants admit the allegations in the first sentence of paragraph 162.  Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 162.

163.    Admitted.

164.    The allegations in paragraph 164 are vague as to the source of the alleged admissions and are therefore denied.

165.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 165.  The allegations in the second sentence quote the 2018 EA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with that document, they are denied.

166.    Denied.

167.    Federal Defendants lack knowledge or information sufficient to form a

belief as to the truth of the allegations in paragraph 167.

168.    Federal Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168.

169.    The allegations in paragraph 169 are vague and on that basis are denied. Federal Defendants deny the allegations in the second sentence.

170.    Admitted.

171.    Denied.

172.    Federal Defendants deny the allegations in the first sentence of paragraph 172.  The allegations in the second sentence characterize the EA, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the EA, they are denied.

173.    Denied.

174.    Denied.

175.    The allegations in paragraph 175 are vague in their use "Vigneto development" and on that basis are denied.

176.    Denied.

177.    Admitted.

178.    Admitted.

179.    Admitted.

180.    Admitted.

181.    Admitted.

182.    Admitted.

183.    Denied.

184.    The allegations in paragraph 184 characterize the Habitat Mitigation and Monitoring Plan (HMMP), which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the HMMP, they are denied.

185.    The allegations in paragraph 185 characterize contents of the HMMP, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the HMMP, they are denied.

Defs.' Answer

186.    The allegations in paragraph 186 characterize the HMMP, which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the HMMP, they are denied.

187.    Denied.

188.    Denied.

189.    Federal Defendants deny the allegations in the first and second sentences of paragraph 189.  Federal Defendants admit the allegations in the third sentence of paragraph 189.

190.    The allegations in paragraph 190 characterize the HMMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the HMMP, they are denied.

191.    Denied.

192.    The allegations in paragraph 192 characterize the HMMP, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are inconsistent with the HMMP, they are denied.

193.    The allegations in paragraph 193 are vague in their use of "pumping effects" and on that basis are denied.

194.    The allegations in paragraph 194 are vague in their use of "Vigneto development" and on that basis are denied.

195.    Federal Defendants deny the allegations in the first sentence of paragraph 195, but admit the allegations in the second sentence.

196.    Admitted.

197.    Denied.

198.    Admitted.

199.    Federal Defendants incorporate by reference, repeat, and respond as if fully set forth in this place, each and every response contained in paragraphs 1 through 198, inclusive.

200.    The allegations in paragraph 200 characterize NEPA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations are

Defs.' Answer

inconsistent with the statute, they are denied.

201.    The allegations in paragraph 201 characterize and quote Corps regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations, they are denied.

202.    The allegations in paragraph 202 characterize and quote Corps regulations and a judicial opinion, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with the regulations or the opinion, they are denied.

203.    Federal Defendants deny the allegations in the first sentence of paragraph 203.  Federal Defendants admit that the washes are disbursed throughout the site, but deny the remaining allegations of the second sentence.  Federal Defendants deny the allegations in the third sentence.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Federal Defendants incorporate by reference, repeat, and respond as if fully set forth in this place, each and every response contained in paragraphs 1 through 206, inclusive.

208.    The allegations in Paragraph 208 quote and characterize NEPA and a judicial opinion, which speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the statute or the opinion, they are denied.

209.    Federal Defendants deny the allegations in the first, third, and fourth sentences of paragraph 209.  Federal Defendants admit the allegations in the second sentence.

210.    Denied.

211.    Denied.

212.    Federal Defendants deny the allegations in the first two sentences of paragraph 212.  Federal Defendants lack knowledge or information sufficient to form a

Defs.' Answer

belief as to the truth of the allegations in the third sentence.

213.   Denied.

214.   Federal Defendants incorporate by reference, repeat, and respond as if fully set forth in this place, each and every response contained in paragraphs 1 through 213, inclusive.

215.   The allegations in paragraph 215 quote and characterize NEPA, which speaks for itself and is the best evidence of its contents.  To the extent the allegations contrary are inconsistent with the statute, they are denied.

216.   The allegations in paragraph 216 characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations, they are denied.

217.   The allegations in paragraph 217 characterize federal regulations, which speak for themselves and are the best evidence of their contents.  To the extent the allegations are inconsistent with those regulations, they are denied.

218.   Denied.

219.   Denied.

220.   Federal Defendants incorporate by reference, repeat, and respond as if fully set forth in this place, each and every response contained in paragraphs 1 through 219, inclusive.

221.   The allegations in paragraph 221 characterize and quote from Corps regulations, which speak for themselves and provide the best evidence of their contents. Additionally, paragraph 221 contains legal conclusions to which not response is required.

222.   Denied.

223.   Denied.

224.   Federal Defendants incorporate by reference, repeat, and respond as if fully set forth in this place, each and every response contained in paragraphs 1 through 223, inclusive.

225.   The allegations in paragraph 225 characterize and quote from Corps

Defs.' Answer

regulations, which speak for themselves and provide the best evidence of their contents.

226.    The allegations in paragraph 226 characterize and quote from Corps regulations, which speak for themselves and provide the best evidence of their contents.

227.    The allegations in paragraph 227 characterizes the contents of Corps regulations, which speak for themselves and provide the best evidence of their contents.

228.    Denied.

229.    Denied.

230.    Denied.

231.    Federal Defendants incorporate by reference, repeat, and respond as if fully set forth in this place, each and every response contained in paragraphs 1 through 230, inclusive.

232.    The allegations in paragraph 232 quote from and characterize the contents of Corps regulations, which speak for themselves and provide the best evidence of their contents.

233.    The allegations in paragraph 233 quote from and characterize the contents of Corps regulations, which speak for themselves and provide the best evidence of their contents.

234.    The allegations in paragraph 234 quotes from and characterize the contents of Corps regulations, which speak for themselves and provide the best evidence of their contents.

235.    The allegations in paragraph 235 characterize the contents of Corps regulations, which speak for themselves and provide the best evidence of their contents.

236.    The allegations in paragraph 236 characterize the contents of Corps regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their language, meaning, or context are denied.

237.    Denied.

238.    Denied.

239.    Denied.

The remainder of Plaintiffs' Complaint consists of Plaintiffs' prayer for relief, to

Defs.' Answer

which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiffs are entitled to any of the relief requested in Plaintiffs' prayer for relief, including subparts 1-8, or to any relief whatsoever.

## DEFENSES

1.      Some or all of Plaintiffs' claims are moot or not ripe for adjudication.

Plaintiffs' claims should be dismissed and judgment should be entered in favor of the Federal Defendants.

Date: July 1, 2019

LAWRENCE VANDYKE
Deputy Assistant Attorney General

  _Kristofor R. Swanson___
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

SYDNEY A. MENEES
(D.C. Bar No. 1027544)
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-2398

Defs.' Answer

1

Fax: (202) 514-8865
sydney.menees@usdoj.gov

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Defs.' Answer