LAWRENCE VANDYKE
Deputy Assistant Attorney General

KRISTOFOR R. SWANSON
(Colo. Bar # 39378)
Natural Resources Section
SYDNEY A. MENEES
(D.C. Bar # 1027544)
Environmental Defense Section
Environment & Natural Resources Division
U.S. Department of Justice
PO Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov
sydney.menees@usdoj.gov

Attorneys for Federal Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA
# TUCSON DIVISION

| | |
|---|---|
| **Lower San Pedro Watershed Alliance, et al.,** | |
| Plaintiffs, | No. CV-19-00048-TUC-RCC |
| v. | **Joint Case Management Report** |
| **Col. Aaron Barta, et al.,** | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 16 and the Court's July 2, 2019, Order (ECF No. 20), the parties submit this joint case management report. A case management

1

conference is scheduled for July 29, 2019, at 10:30 a.m. Counsel for Plaintiffs (two attorneys) and counsel for Federal Defendants (two attorneys) all request to appear telephonically for the July 29 conference. Counsel for Federal Defendants have agreed to host the telephonic conference, and will provide chambers and Plaintiffs' counsel with the call-in information contemporaneously with this filing.

1. <u>The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report</u>. As a case brought under the Administrative Procedure Act, 5 U.S.C. § 706—and for which, with certain exceptions recognized in case law, judicial review is based upon an administrative record—this case is exempt from the meet and confer requirements of Rule 26(f). *See* Fed. R. Civ. P. 26(f) (referencing those cases exempted from initial disclosures under Rule 26(a)(1)(B)). The parties nonetheless met and conferred for purposes of developing this report. In addition, over the past several months, counsel for all Plaintiffs and counsel for Federal Defendants have conferred telephonically at least three times regarding case scheduling while awaiting a new Corps permit decision, as detailed in Paragraph 3 below.

2. <u>A list of the parties in the case, including any parent corporations or entities.</u> Plaintiffs are the Lower San Pedro Watershed Alliance, Sierra Club, Center for Biological Diversity, Maricopa Audubon Society, Tucson Audubon Society, and Cascabel Conservation Association. Federal Defendants are Col. Aaron Barta, in his official capacity as Commander of the U.S. Army Corps of Engineers's Los Angeles District, and the U.S. Army Corps of Engineers.

3. <u>A short statement of the nature of the case.</u> The Complaint challenges an October 2018 U.S. Army Corps of Engineers modified permit issued under Section 404 of the Clean Water Act, 33 U.S.C. § 1344, and associated with a proposed development in Benson, Arizona, known as the Villages at Vigneto. Plaintiffs allege that the Corps' decision was arbitrary and capricious and contrary to requirements in the Clean Water Act and the National Environmental Policy Act. On February 15, 2019, the Corps, after determining it to be in the public interest, suspended the October 2018 modified permit

while it considered corrections and clarifications to the environmental documentation that the Corps decision-maker relied upon in issuing the permit. As of the date of this filing, the Corps' review is ongoing.

4. <u>The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific jurisdictional statutes</u>. District court jurisdiction rests upon the waiver of sovereign immunity in the Administrative Procedure Act (5 U.S.C. § 702) and federal question jurisdiction (28 U.S.C. § 1331), as the Complaint alleges federal action to have been taken in violation of federal law. In the light of the Corps' permit suspension, Federal Defendants believe the current complaint is moot. Plaintiffs dispute this characterization as the Corps has failed to revoke the 404 Permit, among other things.

5. <u>The parties that have not been served and an explanation of why they have not been served, and any parties that have been served but have not answered or otherwise appeared</u>. Should the Corps reinstate or modify the 404 Permit, Plaintiffs anticipate amending the complaint. Plaintiffs will name the U.S. Fish & Wildlife Service and/or its officials as additional defendants and serve them in accordance with Federal Rule of Civil Procedure 4.

6. <u>A statement of whether any party expects to add additional parties or to amend pleadings</u>. Should the Corps reinstate or modify the permit, Plaintiffs anticipate amending the complaint to challenge that action and to add claims alleging that the Corps has violated the Endangered Species Act. Plaintiffs also anticipate adding Endangered Species Act and Administrative Procedure Act claims against the U.S. Fish & Wildlife Service and/or its officials. Among other things, Plaintiffs' amended complaint will include allegations that the U.S. Fish and Wildlife Service's decision-making process was unduly influenced by political pressure. The parties anticipate that El Dorado Benson, LLC—the recipient of the permit at issue—may move to intervene as a defendant.

7. <u>A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, 705)</u>. The parties agree that this case can be resolved via cross-motions

summary judgment.  The cross-motions would brief the merits of the case: whether the Corps or the Fish & Wildlife Service acted arbitrarily, capriciously, or contrary to law.  In addition, the parties would propose a deadline, prior to summary judgment briefing, by which Plaintiffs would file any motion to complete or supplement the administrative record or for the Court to consider extra-record evidence on the merits.  Any such motion would focus on the adequacy of the administrative record(s) and whether it is appropriate for the Court to order the Corps or Fish & Wildlife Service to add documents to their record(s), or for the Court to consider evidence outside of the administrative record(s) in reviewing the cross-motions for summary judgment.  Regardless of the timing of any motions regarding the record or extra-record evidence, Plaintiffs reserve any right to move for leave to seek extra-record discovery.  Any such motion would focus on whether discovery is appropriate or necessary with respect to one or more claims raised in any amended complaint, and the appropriate focus and scope of that discovery.

8. <u>Whether the case is suitable for reference to a United States Magistrate Judge for settlement conference or trial</u>.  The parties do not believe the case is suitable for reference to a Magistrate Judge.

9. <u>The status of any related case pending before another court or another judge of the Arizona District Court</u>.  The parties are not aware of any related cases.

10. <u>A discussion of any issues relating to the preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced, *see* Fed. R. Civ. P. 16(b)(3); Fed. R. Civ. P. 26(f)(3)</u>.  Cases brought under the Administrative Procedure Act are normally reviewed on an administrative record, therefore not implicating discovery obligations or procedures.  Plaintiffs, however, have indicated that they believe extra-record discovery may be appropriate with respect to certain of the claims Plaintiffs plan to include in any amended complaint.  Federal Defendants disagree.  Should, after Federal Defendants have lodged the administrative record(s) or after the Court has resolved any motion challenging the adequacy of the

4

record(s), Plaintiffs plan to seek discovery, the parties would meet and confer on the appropriateness and scope of any discovery.  At present, the parties have not identified any preservation, disclosure, or ESI issues.

11. <u>A discussion of any issues relating to claims or privileges of work product</u>.  The parties do not anticipate any issues relating to claims or privileges of work product.  To the extent there are disputes over redactions or documents not included in the administrative record(s) on the basis of the work product protection or any privilege, the parties would attempt to resolve those disputes as part of their informal dispute resolution of any record issues.  Should those disputes remain unresolved, the issue(s) would be raised as part of Plaintiffs' motion to supplement the record or for the Court to consider extra-record evidence.

12. <u>A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case</u>.  Cases brought under the Administrative Procedure Act are normally reviewed on an administrative record, therefore not implicating discovery obligations or procedures.  Plaintiffs, however, have indicated that they believe extra-record discovery may be appropriate with respect to certain of the claims Plaintiffs plan to include in any amended complaint.  Federal Defendants disagree.  Should, after Federal Defendants have lodged the administrative record(s) or after the Court has resolved any motion challenging the adequacy of the record(s), Plaintiffs move for leave to conduct such discovery, and should the Court grant that motion, the parties will meet and confer about whether an order under Rule 502(d) is necessary at that point.

13. <u>A discussion of the parties' compliance, to date, with the MIDP</u>.  Absent any applicable case law exception, judicial review here would be based upon an administrative record.  This case is therefore exempt from initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(B(i) and the MIDP does not apply.

14. <u>A discussion of any necessary discovery</u>.  Cases brought under the Administrative Procedure Act are generally reviewed on the agencies' administrative records.  Plaintiffs, however, have indicated that they believe extra-record discovery may

5

be appropriate with respect to certain of the claims Plaintiffs plan to include in any amended complaint. Federal Defendants disagree. Should, after Federal Defendants have lodged the administrative record(s) or after the Court has resolved any motion challenging the adequacy of the record(s), Plaintiffs plan to seek discovery, the parties would meet and confer on the appropriateness and scope of any discovery. If necessary, Plaintiffs would move for leave to conduct extra-record discovery.

15. <u>A statement of when each party served their MIDP responses</u>. Cases brought under the Administrative Procedure Act are generally reviewed on the agencies' administrative records. The parties have therefore not exchange MIDP responses. Plaintiffs, however, have indicated that they believe extra-record discovery may be appropriate with respect to certain of the claims Plaintiffs plan to include in any amended complaint. Federal Defendants disagree. Should, after Federal Defendants have lodged the administrative record(s) or after the Court has resolved any motion challenging the adequacy of the record(s), Plaintiffs plan to seek discovery, the parties would meet and confer on the appropriateness and scope of any discovery. At that time, the parties will assess whether initial disclosures and initial discovery exchanges are appropriate or necessary under Federal Rule of Civil Procedure 26(a)(1)(B)(i) and the MIDP.

16. <u>Proposed schedule</u>. The Corps' review of the suspended permit remains ongoing. The parties propose that the case be temporarily stayed to allow the Corps to finish its review, and that:

    a. Federal Defendants notify the Court of any permit reinstatement or modification within **five days** of the Corps' decision.

    b. No later than **seven days** after Federal Defendants' notice, the parties jointly submit a proposed schedule for the filing of any amended complaint; the administrative record(s); any motions to supplement/complete the administrative record(s), for the Court to consider extra-record evidence on the merits, or for leave to conduct extra-record discovery; and cross-motions for summary judgment.

6

17. <u>Whether a jury trial has been requested and whether the request for jury trial is contested</u>.  The parties believe the case can be resolved on cross-motions for summary judgment without the need for a trial.

18. <u>The prospects for settlement, including any request of the Court for assistance in settlement efforts</u>.  Counsel for the parties have broadly discussed the potential for any settlement.  Currently, the parties do not believe the case lends itself to settlement.

19. <u>Any other matters that will aid the Court and the parties in a speedy, just, and inexpensive manner as required by Rule 1 of the Federal Rules of Civil Procedure</u>.  Plaintiffs anticipate requesting oral argument on the cross-motions for summary judgment.  In addition, counsel for Federal Defendants have agreed to provide Plaintiffs' counsel with any notice the Corps would receive from the permittee regarding the start of construction activities.  The parties also wanted to advise the Court of two additional anticipated motions.  First, the Corps has determined that several documents likely to be part of the administrative record may contain information protected from public disclosure pursuant to Section 304 of the National Historic Preservation Act, 54 U.S.C. § 307103.  The parties have negotiated a protective order for this information and the Corps, pursuant to the statute, is in the process of consulting with the U.S. Department of the Interior on the legal status of the information in question and the ability to produce the information to Plaintiffs under the negotiated protective order.  When the Corps' consultation with the Department of the Interior concludes—and assuming Interior concurs in the approach—the parties anticipate moving the Court for entry of the protective order.  Second, the parties anticipate that the administrative records will be voluminous.  Thus, should this litigation proceed after the Corps makes a new permit decision, Federal Defendants would anticipate moving the Court for leave to lodge the record(s) with the Clerk's Office on compact disk or removable thumb drive (and provide a courtesy copy for chambers).

Date: July 22, 2019

                LAWRENCE VANDYKE
Deputy Assistant Attorney General

*Kristofor R. Swanson*
KRISTOFOR R. SWANSON
(Colo. Bar No. 39378)
Senior Attorney
Natural Resources Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
Tel: (202) 305-0248
Fax: (202) 305-0506
kristofor.swanson@usdoj.gov

SYDNEY A. MENEES
(D.C. Bar No. 1027544)
Trial Attorney
Environmental Defense Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 514-2398
Fax: (202) 514-8865
sydney.menees@usdoj.gov

*Attorneys for Federal Defendants*

*Stuart C. Gillespie (w/ permission)*
Stuart C. Gillespie (CO Bar No. 42861)
    *(pro hac vice granted)*
Caitlin Miller (CO Bar No. 50600)
    *(pro hac vice granted)*
Earthjustice
633 17th Street, Suite 1600
Denver, CO 80202
sgillespie@earthjustice.org

8

Phone: (303) 996-9616
Fax: (303) 623-8083

*Attorneys for Plaintiffs Lower San Pedro Watershed Alliance; Center for Biological Diversity; Sierra Club; Maricopa Audubon Society; Tucson Audubon Society; and Cascabel Conservation Association*